IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BARBARA ANN JACKSON,
    Plaintiff,

vs.                                       Case No.: 4:16cv212/RH/EMT

BANK OF AMERICA, NA, and
DAVID H. ABRAMS,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 2). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 10).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  In civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory."  Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

Upon review of the Complaint, the court concludes that this action should be barred by the doctrine of res judicata, and dismissal is therefore warranted.

Plaintiff brings a claim of discrimination under "Sections 804(b) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988" (ECF No. 2 at 4).  Her claim concerns foreclosure proceedings initiated by Defendant Bank of America Corporation ("BAC") against property owned by Plaintiff in Quincy, Florida.  Plaintiff asserts that because of the foreclosure, she was forced to file for bankruptcy, wherein she was represented by David H. Abrams, the other Defendant in this action.  The gist of Plaintiff's complaint was that she was victimized by a "bad mortgage loan[]" by BAC and that her efforts to obtain certain documentation in order

to dispute the validity of the foreclosure were thwarted (*id.* at 3).  As relief, Plaintiff seeks monetary damages including compensation for emotional distress and mental anguish (*id.* at 4).

The court takes judicial notice of Jackson v. Bank of America Corporation, NA, Case No. 4:15cv491/RH/CAS, filed by Plaintiff in this court on October 14, 2015.  That case involved virtually the same cause of action as the instant case, as it challenged the same foreclosure proceedings and related bankruptcy proceedings on grounds of discrimination and predatory lending.  Moreover, the parties involved in this prior proceeding are exactly the same.  This previous case was dismissed on the merits on January 25, 2016, and Judgment was entered on the following day.  *See* ECF Nos. 11 and 12 in that case.

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citing Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)).  Res judicata applies when four elements are present:

>    (1) the prior decision must have been rendered by a court of competent jurisdiction;
>
>    (2) there must have been a final judgment on the merits;

 (3) both cases must involve the same parties or their privies; and

 (4) both cases must involve the same causes of action.

*Id.* Plainly, all these elements have been met, as Plaintiff's previous case pertained to the same foreclosure and bankruptcy proceedings, and even challenged them on the same essential grounds, which were resolved against Plaintiff. Furthermore, the parties are the same in both actions

 A complaint that is subject to being barred under res judicata should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted. Harmon v. Webster, 263 F. App'x 844, 846 (11th Cir. 2008); *see also* Hawley v. Bd. of Regents of the Univ. Sys. of Ga., 203 F. App'x 997, 997 (11th Cir. 2006) (affirming district court's determination that plaintiff's claims were barred by res judicata pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and resulting dismissal); Gimenez v. Morgan Stanley, 202 F. App'x 583, 583–84 (3d Cir. 2006); McWilliams v. State of Col., 121 F.3d 573, 574–75 (10th Cir. 1997) (holding repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984) (finding that a complaint barred by res judicata is legally frivolous

within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i)).

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 3rd day of November 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**